IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RANDY ELLER and NANCY ELLER,

    Plaintiffs,

v.                                    Civil Action No. 5:17CV153
                                                (STAMP)

STONE ENERGY CORP.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS LOSS
OF CONSORTIUM CLAIM WITH LEAVE TO AMEND AND
GRANTING DEFENDANT'S MOTION FOR LEAVE
TO FILE THIRD-PARTY COMPLAINT**

I.  Background

This civil action involves personal injuries arising from a flash fire at a natural gas well pad located in New Martinsville, Wetzel County, West Virginia. The plaintiffs, Randy Eller and Nancy Eller, originally filed their complaint in the Circuit Court of Wetzel County, West Virginia on September 12, 2017, against defendant Stone Energy Corporation (hereinafter, "Stone"). ECF No. 1-1. The complaint alleges that as a consequence of the negligent conduct of defendant Stone, a flash fire occurred at the "Howell Pad" on October 28, 2016, which was owned, operated, and controlled by Stone, that caused serious and permanent injuries to the plaintiff, Randy Eller. ECF No. 1-1 at 3. The plaintiffs further assert that Nancy Eller, as a proximate result of Stone's negligence, has lost the care, comfort, services, and consortium of her husband Randy Eller. ECF No. 1-1 at 5. Defendant Stone

removed the civil action to this Court on October 10, 2017. In the notice of removal (ECF No. 1), Stone asserts that this Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. Stone then filed under Federal Rule of Civil Procedure 12b(6) a motion to dismiss the loss of consortium claim filed by plaintiff Nancy Eller. ECF No. 5. Stone's motion to dismiss the loss of consortium claim (ECF No. 5) was stayed by this Court's order (ECF No. 11) following the proposed agreed order seeking to stay briefing until such time as this Court rules on the plaintiffs' pending motion to remand. ECF No. 10 at 1. The parties then submitted an agreed order voluntarily dismissing plaintiffs' motion to remand. ECF No. 22. This Court then entered an order (ECF No. 23) approving and supplementing the parties' agreed order, which resumed briefing on defendant's motion to dismiss. The motion to dismiss is now fully briefed and is ripe for consideration.

In its motion to dismiss, Stone argues that plaintiff Nancy Eller "has failed to allege a valid cause of action for loss of consortium and has failed to allege facts upon which relief may be granted." ECF No. 5 at 1. Stone asserts that "[p]laintiff Nancy Eller's requested relief for loss of consortium should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because she failed to plead her claim as a cause of action and failed to allege

more that the elements of the claim as required in Twombly/Iqbal,"[1] (ECF No. 6 at 3) and that "in this case, the [p]laintiffs have failed to allege a valid cause of action for loss of consortium under West Virginia law" (ECF No. 6 at 4) and have "failed to present any factual allegations to support her conclusory allegations of injury." ECF No. 6 at 6.

The plaintiffs filed a response in opposition. ECF No. 25. Plaintiffs assert that Stone's argument fails in that Nancy Eller is herself a plaintiff in this action. ECF No. 25 at 5. Further, plaintiffs argue that the consortium claim is properly plead considering the overlap between the facts that apply to liability and the underlying damage claims generally. ECF No. 25 at 5-6. Plaintiffs add that this Court's opinion in Councell v. Homer Laughlin China Co., 823 F. Supp. 2d 370 (N.D. W. Va. 2011), is "in perfect alignment with the elements of a loss of consortium claim under West Virginia law." ECF No. 25 at 6. Alternatively, plaintiffs state that if this Court is inclined to grant defendant's motion to dismiss, the plaintiffs request leave to amend their complaint with respect to the consortium claim pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. ECF No. 25 at 7.

Defendant Stone filed a reply (ECF No. 26) and argues that "[d]espite [p]laintiffs' protestations to the contrary, pursuant to

---

[1] Bell Atl. Corp. v. Twombly, 550 U.S. 544, (2007); Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).

Federal Rule of Civil Procedure 12(b)(6), [p]laintiff Nancy Eller's loss of consortium claim must be dismissed because she failed to plead her purported claim as a separate and distinct cause of action." ECF No. 26 at 2. Further, defendant asserts that plaintiffs' attempt to reserve a right to amend their complaint, contingent on this Court's ruling on the pending motion to dismiss should be disregarded. ECF No. 26 at 3. Defendant states that while Rule 15 provides that "[t]he court should freely give leave [to amend] when justice so requires[,]" a party cannot wait to amend if the Court decides to dismiss the claim subject to a motion to dismiss. Stone argues that "because of [p]laintiffs' failure to timely seek amendment of their Complaint to cure the defect with their loss of consortium claim, dismissal is required." ECF No. 26 at 4-5.

For the reasons stated below, the defendant's motion to dismiss the loss of consortium claim (ECF No. 5) is granted with leave for plaintiffs to amend and reassert that claim.

Additionally, defendant Stone filed a motion for leave to file a third-party complaint. ECF No. 31. No response in opposition was filed. Defendant Stone has attached the proposed third-party complaint (ECF No. 31-1) in accord with the scheduling order (ECF No. 16 at 4) and pursuant to Local Rule of Civil Procedure 15.01.

For the reasons stated below, the defendant's motion for leave to file a third-party complaint (ECF No. 31) is granted.

## II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a

statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Rule 14(a)(1) of the Federal Rules of Civil Procedure provides that a defendant may bring an action as a third-party plaintiff "on a nonparty who is or may be liable to it for all or part of the claim against it." (emphasis added). However, if the third-party plaintiff seeks to file its third-party complaint more than fourteen days after serving its original answer, it must first obtain the court's permission, by motion. Fed. R. Civ. P. 14(a)(1). Granting leave to bring a third-party into an action pursuant to Rule 14(a)(1) falls within the sound discretion of the trial judge and should be liberally construed. Baltimore & Ohio R.R. Co. v. Saunders, 159 F.2d 481, 483-84 (4th Cir. 1947). See also Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide: Fed.

Civ. Pro. Before Trial 7:333 (The Rutter Group 2008) ("The decision whether to permit a third party claim under Rule 14 is addressed to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion.").

### III. Discussion

A. Motion to Dismiss Loss of Consortium Claim

Defendant Stone argues that the Court should dismiss plaintiff Nancy Eller's loss of consortium claim because the complaint "recites inadequate conclusions of law." ECF No. 5 at 1. This Court agrees. To survive a motion to dismiss, this claim must not "merely repeat the elements for a loss of consortium claim rather than pleading facts." Winkler v. Hartford Financial Services Group, Inc., 2011 WL 1705559, *3 (D. Nev. 2011). Since loss of consortium is an independent claim, the complaint must include factual allegations about that plaintiff's losses. See Bates v. State Farm Mut. Ins. Co., 2015 WL 11714360, *4 (W.D. Wash. 2015). In Bates, the defendants sought to dismiss a loss of consortium claim because the complaint only alleged that Mr. Bates "is a plaintiff and Ms. Bate's Husband." Id. The Court held that these allegations were not "sufficient to permit the court to draw the reasonable inference that Mr. Bates suffered a loss of consortium." Id.

Here, the complaint contains no factual support in relation to the "loss of consortium" allegedly suffered by Ms. Eller as a

result of the injuries to Mr. Eller.  The loss of consortium claim, namely Paragraph No. 18 of the plaintiffs' complaint, asserts:

> As a direct and proximate result of the negligence of the Defendant, Stone Energy Corporation, the Plaintiff, Nancy Eller, has suffered a loss of her husband's care, comfort, services, and consortium and she will continue to suffer these losses in the future.

ECF No. 1-1 at 5.

This Court finds that the plaintiffs' asserted claim merely recites the elements of a loss of consortium claim and does not meet the pleading requirements of Twombly, and is insufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In their memorandum in opposition to defendant's motion to dismiss (ECF No. 25), plaintiffs include an alternative request for leave to file an amended complaint should the motion to dismiss be granted.  Under Federal Rule of Civil Procedure 15(a), a district court has broad discretion concerning motions to amend pleadings. This Court finds that leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).  This Court has reviewed the record and finds no reason to deny the

plaintiffs' requested relief for leave to amend their complaint as to the loss of consortium claim.

Thus, for the reasons stated above, the defendant's motion to dismiss the plaintiffs' loss of consortium claim (ECF No. 5) is granted with leave for plaintiffs to amend and reassert that claim.

B.  Motion for Leave to File Third-Party Complaint

This Court has reviewed the defendant's motion to file a third-party complaint (ECF No. 31) and finds that the defendant's proposed third-party complaint meets the requirements of Rule 14(a)(1) of the Federal Rules of Civil Procedure in that it alleges that "Island Operating Company, Inc., and Unknown Name(s)" a/k/a certain underwriters at Lloyd's may be liable for the plaintiffs' claims.  ECF No. 31-1.  Furthermore, this Court notes that the defendant's motion for leave to file a third-party complaint was timely filed.  Pursuant to the scheduling order entered by this Court on November 16, 2017 (ECF No. 16), "[m]otions  to join additional parties, motions to amend pleadings, and any crossclaim or counterclaim, as well as any similar motions, shall be filed on or before August 13, 2018." (ECF No. 16 at 3-4, emphasis in original).  Defendant filed its motion for leave to file a third-party complaint on April 19, 2018.

Accordingly, for the reasons stated above, the defendant's motion for leave to file a third-party complaint (ECF No. 31) is granted.

## IV. Conclusion

For the reasons stated above, it is ORDERED as follows: Defendant's motion to dismiss plaintiffs' loss of consortium claim for failure to state a claim (ECF No. 5) is GRANTED as to that claim only, with leave for plaintiffs to amend and reassert that claim. Defendant's motion for leave to file a third-party complaint (ECF No. 31) is GRANTED. The Clerk is DIRECTED to file defendant Stone Energy Corporation's third-party complaint (ECF No. 31-1). Further, the Clerk is DIRECTED to issue summons on the third-party complaint. The summons and third-party complaint shall then be served upon the third-party defendant in accordance with Federal Rule of Civil Procedure 14.

The party served with the summons and third-party complaint, hereinafter the third-party defendant, shall make any defenses pursuant to Federal Rule of Civil Procedure 12 and any counterclaims or crossclaims pursuant to Federal Rule of Civil Procedure 13.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:     May 15, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE